In the matter of Terrell is our fourth case of the day. Mr. Morris. Good morning. May it please the Court, my name is Michael Morris. I'm an attorney with the Wisconsin Department of Justice and I represent the appellant in this case, the State of Wisconsin Department of Children and Families, which I'll just refer to as Wisconsin. Your Honors, this case has the illusion of complexity, but the question that this Court must decide is actually rather straightforward. The question is, are parties to a confirmed Chapter 13 plan bound by its terms? Or, alternatively, are parties free to... I must say, Mr. Morris, that that simply begs the question. Obviously they are bound by its terms, the question is whether the terms can be changed. The old terms are binding while they last and the new terms are binding while they last. So how about if you address the real question, can the terms be changed? The terms cannot be changed, Your Honor, outside of a few rules and statutes. Of course, 13... All right. Let me give you one. Federal Rule of Bankruptcy Procedure 9024. Why doesn't that allow the change in plan? Well, I think it would under the rule and under Bullard, but that's not what the debtors did here. Well, look, you say it would. We ought to give the bankruptcy judge... We ought to give the bankruptcy judge the benefit of whatever power the bankruptcy judge possesses. So far as I can tell, the parties have not addressed the significance of Rule 9024. Not in the bankruptcy court, certainly not in their briefs in this court. Why should we reverse a bankruptcy judge for failing to cite something that seems to give him all the power he needs? Respectfully, Judge Easterbrook, I don't think... I mean, first of all, there was no 9024 motion here. But that's just labels. I think what Judge Easterbrook is talking about. I wondered about 9024 too because the parties went off on this, you know, front and detour about res judicata and issue preclusion. This is all the same proceeding. It's just like a Rule 60 motion in an ordinary civil case. And 9024 is consciously based on Rule 60. Modifies Rule 60 in some respects, but probably not anything that's relevant here. So we've got questions. You know, I can imagine questions. Rule 60B1 allows modification of a judgment for a mistake. And this was arguably a mistake, at least in retrospect. The Supreme Court of the United States has under advisement a case involving the question what the word mistake in Rule 60B1 means. Your brief doesn't mention any of this. I mean, it's very difficult to say that a bankruptcy judge doesn't have a power at all to change a plan after confirmation given Rule 9024. And actually given practice because plans are changed after confirmation all the time. So maybe there's just widespread disregard of limitations on powers, but I rather think not. Your Honor, the statute must control.  Look, counsel, we've been there. The terms of the plan are binding. That's fine. The terms of a federal district court's judgment are binding, but they can be changed. And so are the terms of an injunction. See RUFO. But it can be changed. It can be changed. The question is not are they binding while they last, but can they be changed. If the only argument you wish to make is that is the plan binding while it lasts, that's fine. It's tautologically true, but it doesn't address the problem in this case. Well, Your Honor, as an alternative argument, we also raise in our briefs the argument of waiver. This court's precedent and other precedents hold that a party waives objections to items that are specifically put in a plan if they don't object to the plan at plan confirmation. Well, the Eighth and the Sixth Circuits have said that. We haven't said that. This court hasn't said that yet, has it? Well, I believe this court in Harvey did rule on waiver when a creditor failed to make an objection prior to confirmation. Actually, forfeiture was the point, which is different in Harvey. Well, respectfully, Judge, I believe forfeiture might be the correct legal term, but I believe the actual word in the decision was waiver. But I think this court has applied that precedent, has applied that rule in Harvey, and I think also in Adair. But surely there's at most forfeiture here since the overwhelming weight of cases in the Eastern District of Wisconsin took the position that these support efforts to recapture money were child support orders, and Dennis changed that. And so these people didn't raise their argument. It seems at the most it would be forfeiture that the bankruptcy judge could forgive. And if I could, Your Honor, we address that in our brief too. One of the consolidated cases in the Dennis decision had a final decision in the bankruptcy court reporter at the time that the debtors voluntarily classified our claim and our plan. So under this court's precedent in Norgaard, the court should similarly conclude that the debtors had every opportunity to push back on our position that our claim was entitled to priority, just like the appellants in Norgaard had the opportunity to advance their argument that the litigants in the Supreme Court's Medetronic case advanced. They didn't do so. There was no binding precedent in this circuit prior to Dennis. We advanced a position and we prevailed. There was adverse authority at the bankruptcy level, I understand, not precedential, et cetera. And again, there was also that Northern District of Illinois decision in Ray Halbert, which became one of the consolidated cases in Dennis. And so they had every effort to present that argument, again, like the appellants in Norgaard. They didn't do so. But are you conceding at this point that it was well within the power of the bankruptcy judge? You're not making an argument that the Terrells waited some unconscionably long period of time. As a matter of fact, the bankruptcy judge talks about the fact that there was no deadline for this kind of motion in the code or in the statutes or in the regulations. Well, Your Honor, it's true that there are no deadlines to present a claim objection. Are you conceding there are no deadlines? There are no deadlines in the rules. That's true. That's completely wrong. Rule 60C sets a one-year deadline for motions under Rules 60B1, 2, and 3. And if this is classified as a motion under Rule 60B1 incorporated by Rule 9024, it came after the deadline. But, of course, deadlines can be forfeited, and you obviously are not making any deadline argument. Well, Your Honor, again, there wasn't a Rule 60 motion. And if it's 60B45 or 6, then there isn't. Then it's a reasonable time. Then it's a reasonable time. And we may learn from what the Supreme Court says in Kemp when it's decided, you know, I hope by the end of this term, whether this is a Rule 60B1 motion or a Rule 60B6 motion. Well, Your Honors, the reason that maybe the briefing on Rule 60 and the deadlines might be lacking is because that just wasn't an issue that was raised. They filed an objection to a claim, which is a unique bankruptcy procedure. They may not have argued Rule 9024 in the bankruptcy court, but you were here. You're saying there's no authority to modify a confirmed plan. Rule 9024 says otherwise. Your opponent cites Rule 9024 six times in the brief, and you don't address it. One might say that's a forfeiture or even, in the language of some other circuits, a waiver. Well, Your Honor, again, they didn't bring a Rule 9024 motion. They objected to a claim after the plan which provided for that claim was confirmed. Again, this is about whether the statute that Congress enacted that controls the legal effect of a confirmed plan has any meaning at all, or whether bankruptcy courts can completely change any terms in the plan. To the extent allowed by Rule 9024. Are you contending that Rule 9024 is invalid in bankruptcy cases? No, Your Honor, but I am contending that it can't overrule a statute. Oh. That's actually not so. The Rules Enabling Act provides that any statutes inconsistent with rules adopted under the Rules Enabling Act are of no further force and effect. Rules Enabling Act, the supersession clause, permits rules to supersede statutes, and the Supreme Court has held that the supersession clause is valid. It really does. Well, Your Honor, I would point the court to the Espinosa decision, which was a Chapter 13 case that involved a Rule 60 challenge to a confirmed plan. And the challenge in that case was to the discharge of a student loan, which is, as the court is aware, unlawful under the Bankruptcy Code. And even there, the court, faced with a Rule 60 motion, concluded that the debtors were bound by the terms of their confirmed plan. You're just missing what I pointed out right at the outset. Of course people are bound by the terms of the confirmed plan, as they are bound by injunctions. The question is whether a confirmed plan can ever be modified, as an injunction can be and a judgment can be. Why not a plan, given Rule 9024? And I would add, just because it can be modified doesn't mean it always will be modified. So Espinosa put that in the category of not modified. The court was looking at that particular provision. Your Honor, what the Supreme Court said about Rule 60 in that case, however, was that Rule 60 and Rule 9024 is a narrow exception to the finality of a confirmed Chapter 13 plan. And so we shouldn't let the exception swallow the whole. The debtors voluntarily provided for the department's claim in their confirmed plan at a time when there was no binding precedent in this decision that bound them to that. The court confirmed the plan, and they should be bound by that under the plain terms of Section 1327. And if there are no other questions, I would respectfully request to reserve the rest of my time for rebuttal. Certainly, Mr. Morris. Mr. Federal. May it please the court. Kirk Fiedler appears on behalf of the debtors, Antonio and Angel Terrell. The question before this court is a simple one, and that is whether the State of Wisconsin, Department of Children and Families of the State of Wisconsin, whether their claim is entitled to priority status. As this court has held – Do you agree with Mr. Morris that nobody brought Rule 9024 to the bankruptcy judge's attention? Your Honor, the debtors filed an objection to the claim of the State of Wisconsin on the priority status. That objection – The answer to my question is yes or no, and then you can explain. Sure. Did anybody bring Rule 9024 to the bankruptcy judge's attention? Yes, it was discussed at the hearings, and it was part of the modified plan that was also filed in this case after the conclusion – or along with the objection. No, no, no. Rule 9024 can't be part of a modified plan. There was not a separate Rule 9024 motion, and the reason for that was Rule 9024 – That's correct, Your Honor, because I don't think it was necessary. The claim of objection was not precluded by the confirmation of the plan originally, and there was no need to – there was nothing to overrule or change based on that we need to seek relief from an order from. Did anybody bring Gonzalez against Crosby to the bankruptcy judge's attention? Gonzalez against Crosby interprets Federal Rule of Civil Procedure 60B, and among other things, it says that a post-judgment change of law is almost never a good ground for modification under Rule 60. And that does seem to me the kind of thing that's happening here. There was a post-judgment – we won't say change of law, but there was a post-judgment clarification of law. The law was what it was, right? But there was an appellate decision that disapproved many bankruptcy decisions. It happened after the judgment. And under Gonzalez, one might think that would be rare as a ground for change, although Kemp may hold that it's a good ground for change under Rule 60B1, the subsection that's subject to a one-year limitation. I mean, these would be important issues to argue to the bankruptcy judge, one would think, because this motion came more than a year after the plan was confirmed. It did, Your Honor, but the one-year limitation in 9024 does not apply for objections, claim objections, when they are allowed or disallowed without contest, which is what we have here. I don't understand. If you – modifying a judgment, that's what a confirmed plan is, is certainly subject to Rule 60 as a result of Rule 9024. And there are two possible branches of Rule 60, B1 and B6. B1 has a time limit. B6 doesn't. How you classify this particular reason for a change, whether it's a mistake or it's some other reason, determines whether the time limit applies. Except that Rule 9024 specifically says that when the one-year subject of limitation in Rule 60C does not apply for the reconsideration of an order allowing or disallowing a claim against the estate entered without contest. And that's really what's here. It's not an order disallowing a claim. It's an order changing the claim's priority. It's very difficult to read that language of 9024 to refer to all changes of priority as opposed to disallowance. Or the other thing it mentions is granting a motion to reopen. This wasn't a reopened bankruptcy case. In any event, the reason I'm pursuing this is because it does not appear to have been brought to the bankruptcy judge's attention that there are different subsections. There are potentially different time limits. There are potentially different substantive criteria for granting a motion. And as I've now said several times, this issue is under review by the Supreme Court in a case argued last month. We don't want to take the bankruptcy judge by surprise, do we? The bankruptcy judge decided or determined that no portion of the state's claim was entitled to priority status. That is not a reconsideration of anything prior. The bankruptcy debtor's plan did not confer status. It did not confer priority status. It did not allow claims. Plans can't do that. Plans simply provide for claims. Why can't they? Don't you think a debtor could waive particular rights? Certainly. And in certain language. So your statement that debtors can't make such provisions, that's wrong. They can. It has to be a waiver. And you can deny whether there was a waiver here as opposed to a forfeiture. Well, the Rule 3012 says that any determination of a priority status must come through an objection or a motion. Not through a plan confirmation or not through a plan. So I don't think that the priority status of the state's claim can be determined through a plan. And especially here where the debtors used the standard language that was required by the Eastern District of Wisconsin for their plan. And that plan applies for claims that provides for the state's claim if it is allowed and if it has priority status. When the bankruptcy judge ruled that there was no portion of the state's claim that was entitled to priority status, the section in the debtor's plan no longer applies to the state's claim. And so I don't believe that there's any motion for reconsideration in this scenario because the debtors did not ask the bankruptcy judge. Counsel, let me ask you a different question. Section 1127E expressly allows modifications of confirmed Chapter 11 plans. There doesn't appear to be any parallel provision in Chapter 13. Does that have a legal significance? Well, Section 1329 allows for modifications of Chapter 13 claims in certain scenarios. In certain scenarios, not this one. I hope you see why I'm asking this. I'm asking whether there's a negative implication that the grant of a certain power under certain circumstances implies its denial elsewhere. That would essentially be an implied limitation on the scope of 9024. I do understand the significance of your question, Your Honor. But I don't think that it applies. The modifications of the plan that was requested was one of the things allowed under 1329. It was the reducing of the term of the debtor's plan. That's only possible if the state of Wisconsin's claim is not entitled to priority status. Yes, but the thing that was modified was the priority status. Which is done through a claim objection and had never been determined by the court. The confirmation of the debtor's plan did not— I must say you're not dealing with my question, which is whether the grant of certain powers implies the absence of parallel powers elsewhere. Now, maybe the answer is no, but it's worth thinking about. I think that you're right, Your Honor. I think that the granting of powers in one place certainly is a strong argument that those powers do not exist elsewhere. I just don't believe that Rule 9024 comes into play in the circumstance because there was no determination of the priority status of the state's claim originally. So there was nothing to reconsider. In other words, no motion, no specific request? There was no need for a motion to reconsider because there was nothing to reconsider. The debtor's plan had— Rule 9024 is not about a motion to reconsider anything. Reconsideration is the function of Civil Rule 59. Civil Rule 60 is about modifying a judgment. I'm concerned that neither side to this case appears to have given much thought to how 9024 works. I think we're going to ask for supplemental briefs. My apologies, Your Honor. I meant—I said the wrong thing. But there was no—I think my argument's the same, though. There's no prior judgment that the debtors had to ask for relief from. They did not ask relief from the plan. They objected to the claim because it was not entitled to priority status. They modified the plan to reduce the term of the plan. That was confirmed and was not appealed. So I don't believe that 9024 comes into play in this circumstance. So are you now waiving any reliance on Rule 9024? Because that would greatly simplify this case. No, Your Honor. I don't think that's what you're doing. I was asking you if you want to give up your claim. I realize that. And you don't, we'll assume. Yes. Great. No, the plan, though, does—I'll just go back to the plan. Section 4.5 of the plan lists this debt to the state. It lists it as a priority claim based on a domestic support obligation. And that's part of the plan, which is the judgment. The plan is the final judgment resolving that. And it's two years later, Judge Halvinger says, that everybody comes back in the wake of Dennis to try to see if something can be done. And the judge is persuaded, yes, something should be done. I assume—what standard of review do you think we're applying here? The clear mistake of the bankruptcy court order. Some sort of clear— Abuse of discretion. Abuse of discretion? Yes. Okay. But about the confirmed plan, as the— Because they've been discharged now in the assumption. I suppose that could all be undone if the state were to prevail. I don't know, Your Honor, what would happen if the state does prevail because the debtors have been discharged, and they are not in bankruptcy anymore. So I— But that's because they got the advantage of the 36-month period instead of the 60-month period. That is correct. And as the— And there would have been another two years of payments if the 60-month period had stayed there. There would have been, yes. If the state was entitled to a priority claim, then they would be required to be in the case for 60 months. However, as this court has said— So can you tell me—I just want to remember. We have a couple of bankruptcy cases today. Under the plan, as it was operating, there obviously were other creditors too, and the Wisconsin Department is one of them. Was everybody getting paid, or were the unsecured—I thought the unsecured creditors were getting nothing. That is correct, Your Honor. The way it was originally filed was that the secured creditors would be paid and that the state of Wisconsin's claim would not be paid anything for Department of Children and Families. I believe there was a tax claim that did get paid, if I remember correctly. And then there was general unsecured creditors who also did not get paid. Who didn't get paid. So the Wisconsin Department of Children and Family Services basically hasn't been paid anything, even though they had this priority status. When the case was filed, everyone believed that they had priority status. But they weren't getting paid anything anyway. They were not going to be paid anything. And I think that's where Judge Helfinger went in his ruling, is that— and I think the state would have a stronger argument if the confirmation of the plan had been dependent on their claim being correct. I think that would be a whole different situation. But it wasn't. The debtor's plan was confirmed regardless of the status of the state of Wisconsin's claim. It was not litigated— So he's just talking about getting nothing in the priority status versus getting nothing as part of the general unsecured creditors. Correct. Correct, Your Honor. It's just that— Okay, that's what I thought. Now that it is no longer entitled to priority status, it's now a dischargeable claim instead of a nondischargeable claim. Dischargeable. That's meaningful. Which is— Sure. Which would be reasons for relief from the order. Okay. Unless the Court has any other questions, we're finished. Thank you. Thank you. Thank you, Counsel. Anything further, Mr. Morris? Yes, Your Honor. Your Honor, Section 1329 provides for limited enumerated ways in which debtors can modify the terms of their confirmed plans. There is no provision in that statute that allowed the debtors to do what they did here, which is to change the priority status that their plan clearly provided to the state of Wisconsin. We can see why, given the 50 other cases that exist and given the way this case has unfolded, why the state wants to stand on that position. But Judge Halford, in one of his opinions, makes quite clear why, if T1 is the time of the confirmation plan, why there's a redressability that happens, an ability to look back with regard to these certain issues. You may argue it doesn't apply for this particular circumstance, but to say that that freezes it in time for all time doesn't give full credence to the case law, does it? Well, I think that it does give full credence. I think the state's position gives full credence. I think as to matters that are provided for in the plan, you have two statutes that govern that effect for all time. The confirmation effect under 1327 binds them. The limited ability to modify under 1329 grants some ability to do that. And then, of course, Rule 60 through Rule 9024 allows parties the opportunity to present post-confirmation issues if they choose to do so. That wasn't done here, and so what we're left with is a bankruptcy court decision that correctly acknowledged that the plan provided for the department's claim and correctly provided that the legal effect of what the plan does is governed by 1327. But then the bankruptcy court, throughout the rest of the opinion, never mentions 1327 again, never mentions Rule 60, never mentions Rule 9024, instead talks about the economic realities of Chapter 13 cases and that there shouldn't need to be objection deadlines, which is not a deadline that the state has actually requested. Doesn't the November opinion, though, leave open these certain issues for later adjudication? When that opinion goes through, the text of the plan talks about how it could be ambiguous, considers your arguments, but says there's a good and an ability to look back again and determine whether or not certain issues should be adjudicated again. The November decision? Yes, I believe the November decision does talk about the court's ability to interpret its own decisions. But the bankruptcy court cited to no authority, as far as I'm aware, where a bankruptcy court has allowed a claim objection to modify a plan provision. So really the bankruptcy court was writing on a blank slate, I think misinterpreting this court's hobus precedent, and the effect of the bankruptcy court's decision is to destroy the finality of confirmed plans, and the court should reverse the bankruptcy court and restore finality. Thank you. Thank you very much, counsel. The court invites parties to file supplemental briefs addressing the bearing of bankruptcy rule 9024. Those briefs will be due in 14 days. When they're received, the case will be taken under advisement.